IN THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS WESTERN DIVISION

JAMES RUSSELL JOHNSON  
          Plaintiff,  
  - Vs.-

In re: *James Russell Johnson, detainee.*

Case No.: 08 50002

FILED

STATE OF ILLINOIS,  
WINNEBAGO COUNTY SHERIFF:  
RICHARD MEYERS  
420 West State Street  
Rockford, Illinois. 61101;  
          Respondent,

JAN 0 2 2008

MICHAEL W. DOBBINS  
CLERK, U.S. DISTRICT COURT

SUPPORTING HABEAS CORPUS
MEMORANDUM OF LAW

*PLEASE NOTE*: *The detainee is within an alleged "Pre-Trial custody"*. **The detainee is *not* within custody pursuant to any type of Order, Judgment, or Conviction**.

The actions against this detainee are made possible only because the wrongdoers are clothed within the authority of Illinois State Law as embodied by State actors of the 17th Judicial Circuit Courts and the Local County Government via the Winnebago County States Attorneys Office.

This detainee had been indicted, arrested and incarcerated upon two illegitimately enhanced and aggravated Class 4 felony driving while license is revoked charges, which were initiated willfuly, knowingly and intentionally, by multiple State Actors' misuse of power, as possessed by virtue of State law. Winnebago County 17th Judicial Circuit Court Case Numbers: 2003-CF-2192 with a $50,000.00 excessive bond; and 2007-CF-1671, with a $200,000.00 extremely excessive bond.   As an aside the aforementioned bonds against this detainee, for essentially "*traffic charges*", are currently well in excess of bonds for violent offenders currently in pre-trial detention for:

    *Murder, attempted murder, armed robbery, rape, child molestation, et al.*

1.

A State Actor, and wrongdoer, intentionally, willfuly and knowingly misrepresented this detainee's Illinois drivers license revocation status before the aforementioned Illinois Grand Jury. A Winnebago County Assistant States Attorney had presented a falsified supporting probable cause affidavit, along with a pleading for a Bill of Indictment, to a State of Illinois Winnebago County Grand Jury. Such had been directed against this detainee, through misapplication of the Illinois Vehicle Code Statute 625 ILCS 5/6-303, Subsection (d)(d-1)(d-2)(d-3), et seq.;,    Case number: 2003-CF-2192

*625 ILCS 5/6-303(a),(d), et seq.,states:*

Driving while driver's license...is suspended or revoked.

**(a)** Any person who drives or is in actual physical control of a motor vehicle on any highway of this State "*at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code*" ... shall be guilty of a Class A misdemeanor.

**(d)** Any person convicted of a second violation of this Section shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court, *"if" the revocation or suspension was for a violation of* Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.

**(d-1)** Except as provided in subsection (d-2) and subsection (d-3), any person convicted of a third or subsequent violation of this Section shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court.

**(d-2)** Any person convicted of a third violation of this Section is guilty of a Class 4 felony and must serve a minimum term of imprisonment of 30 days *"if"* the revocation or suspension was for *a violation of* Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.

**(d-3)** Any person convicted of a fourth, fifth, sixth, seventh, eighth, or ninth violation of this Section is guilty of a Class 4 felony and must serve a minimum term of imprisonment of 180 days *"if" the revocation or suspension was for a violation of* Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.

The detainee's Illinois Drivers License is currently under a discretionary lifetime revocation pursuant to Illinois Vehicle Code Statute, "625 ILCS 5/6-205, et seq.", as can be firmly established via documentary and testimonial evidence via the Springfield, Illinois Office of the Secretary of State Drivers License Facility, "Traffic Violations Section", employee: Tatyana. In order for this detainee to be liable for a Class 4 felony charge of "aggravated driving while drivers license is revoked", this detainee's Illinois Drivers license would have to be revoked pursuant to *one or more of the **four specific elements**, **burdens**, **conditions and proofs*** as are enunciated within 625 ILCS 5/6-303(d), et seq.. Those four elements are:

> ( i.) Revocation for *625 ILCS 5/11-401*, leaving the scene of an accident involving injury or death; or,
>
> ( ii.) Revocation for *625 ILCS 5/11-501*, Driving under the Influence; or,
>
> ( iii.) Revocation for *625 ILCS 5/11-501.1*, Statutory Summary Suspension or Revocation; or,
>
> ( iv.) Revocation for *720 ILCS 5/9-3* Involuntary manslaughter and Reckless Homicide.

Within 2007, on an additional second occassion, once again the same State actor, and wrongdoer, intentionally, willfuly and knowingly misrepresented this detainee's Illinois drivers license revocation status before the aforementioned Illinois Grand Jury. The same State Actor and wrongdoer as within the 2003-CF-2192 illicit enhancement traffic indictment, had once again within 2007 had intentionally, knowingly and willfuly presented a second falsified supporting probable cause affidavit, along with a pleading for a Bill of Indictment, to a State of Illinois Winnebago County Grand Jury as directed against this detainee, through knowing misapplication of the Illinois Vehicle Code Statute 625 ILCS 5/6-303, Subsection (d), (d-1), (d-2), (d-3), et seq.; Case 2007CF1671.

Upon this occassion the malice can be further shown through the requested and gained $200,000.00 bond the aformentioned wrongdoer presented to the Judge upon seeking the warrant for the detainees arrest upon the second fraudulent 2007 indictment.

3.

This detainee presented a State Civil pleading for Habeas Corpus Relief within the 17th Judicial Circuit Court on or about December 10, 2007.  2007-MR- 744

The detainee's criminal court judge, Rosemary Collins, as per those two aforementioned illicit aggravated traffic charges, 2003-CF-2192 and 2007CF1671, had duly exceeded the limit of [her] criminal court judicial authority to dismiss or withdraw this detainee's civil emergency pleading for Habeas corpus relief without full and fair hearing, over the detainees objection. Aforementioned civil habeas corpus was before a 17th Circuit Court Judge, not before the Criminal Court. Hence, the detainee previously had been illegally incarcerated for a period in excess of 700 days as per 2003-CF-2192, violating rights to a speedy trial, and since November 25, 2007, as per both 2007CF1671 and 2003-CF-2192, to date. A sum in excess of $3,000.00 has been also taken from this detainee, in alleged "bonds" upon the aforementioned traffic charges, to date.

Upon the face of the matter, this detainee's secured rights and privileges under the United States Constitutional regarding life, liberty, and property intersts are, and have been, severely violated by the intentional misrepresentation and misapplication of law under the color and guise of Illinois State Law and Procedure, by a specific State actor as clothed within the authority of the State of Illinois Local County Government. Those violations include, but are not limited to:

(a.) Violation of Equal Protection of Law;

(b.) Violation of Procedural Due Process;

(c.) Violation of Excessive Bail clause;

(d.) Cruel and unusual Punisment:

(e.) Violation of Probable Cause provisions;

(f.) denial of redress of grievance/access to the Court;

4.

United States Constitution

Amendment I. Right to redress grievances.

*Congress shall make no law...prohibiting...the right to petition the government for a redress of grievances.*

Amendment IV. Unreasonable seizures/Probable Cause.

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable...seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the...persons ...to be seized.*

Amendment V. Criminal actions;Provisions concerning;Due process of law.

*No person shall be held to answer for ...crime, unless on a presentment or indictment of a grand jury,...nor be deprived of life, liberty, or property, without due process of law;*

Amendment VI. Rights of the accused.

*In all criminal prosecutions the accused shall enjoy the right to a speedy trial*, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and caused of the accusation, to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Amendment VIII. Bail — Punishment.

*Excessive bail shall not be required...nor cruel and unusual punishments inflicted.*

Amendment IX. Rights retained by people.

*The enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people.*

Amendment XIII., § 1. Involuntary Servitude.

Neither slavery *nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted* shall exist within the United States, or any place subject to their jurisdiction.

Amendment XIV., § 1. Citizenship; Due process of law; Equal protection.

All persons...in the United States...are citizens of the United States and of the state wherein they reside. *No state shall make or enforce any law which shall abridge the privileges...of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.*