IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

FILED
JAN 2 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*In re:* James Russell Johnson, detainee;

JAMES RUSSELL JOHNSON,
        Plaintiff/Detainee;

- Vs.-                      Case No.: 08C50002.

STATE OF ILLINOIS,
WINNEBAGO COUNTY SHERIFF:
RICHARD MEYERS
420 West State Street
Rockford, Illinois. 61101.
        Respondent;

## MOTION FOR HABEAS CORPUS BAIL

*NOW COMES* James Russell Johnson, detainee, to move this Honorable Court with motion for habeas corpus bail pursuant to United States Supreme Court Rule 36. In support thereof, the detainee represents whereas:

1. **That** the detainee has made an extremely strong showing of success upon the merits of the pleading for emergency habeas corpus relief;

2. **That** the detainee will be additionally injured; in life, liberty, possessions and property interests, as defined under United States Constitutional provisions as asserted within the initial pleading for emergency habeas corpus relief and supplemental material provided thereto, by continued excessive, unwarranted, and purported "Pre-trial" confinement and imprisonment for 2003 and 2006 traffic charges. (i.e.- driving a car);

1.

3. That the detainee is not convicted of any crime or being imprisoned for any legitimate cause, yet the detainee is being denied United States Constitutional 8th Amendment right, et al, to [his] proper and routine medical care [he] had enjoyed and had been involved with in society for the past 4 years since becoming ill and injured, in that the Respondents are:

> a.) denying this detainee the nightly use of [his] prescribed respirator machine;
>
> b.) detainee is being denied pain, steroid and severe allergy medications;
>
> c.) detainee is being denied Doctor ordered follow-up laboratory and diagnostic consultation with an endocrinologist (Dr.) treatments; and medical diagnostic;
>
> d.) detainee is being denied Doctor ordered thyroid ultrasound diagnostic treatment and follow-up as per [his] hypothyroid / hashimoto's disease;

As an aside, the right ventricles of the detainees heart had been previously damaged from severe sleep apnea. Such respirator machine had been used on a nightly basis by the detainee for the past 30 months prior to detainee's illicit arrest and detainment.

By such medical and neglect against the detainee by the Respondent(s) employee or agent within the Winnebago County Jail, such intentional malpractice, indifference and negligence can cause the detainee to fall into a coma or even result in death. Such information can be verified through Doctor Denise McGuffin, of Woodside Medical; Doctor Royce from Valley Clinic of Family practice; Doctor Steve Glasgow, of Midwest Orthopedic and Neurological Specialists out of Dekalb, Illinois; As well as by the Sleep disorder clinic of Swedish American Hospital; For the record.

2.

4. That inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus, the vehicle by which a person questions the government's right to detain him. A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated. It is an exercise of a court's common law powers...

(See: <u>BOLANTE v. KEISLER,</u> 07-2550 (7th Cir. 10-31-2007))

5. That releasing this detainee upon a recognizance bail will not substantially injure any party, nor will it effect public interest other than become an irritant to those State wrongdoers in being thwarted;

6. That the detainee does have a prior criminal record, in that:

a.) A January 2004 charge, then the 2005 Burglary *jury trial* conviction, on appeal, against this detainee is pending with the Illinois Second District Appellate Courts judicial ruling since completion of briefing within January 2007;

b.) 2001 conviction of possession of a controlled substance;

c.) A 1999 bad faith conviction for Aggravated D.U.I. and Aggravated Driving while Drivers License is suspended or Revoked; from Winnebago Counties application of "Safe Neighborhood Law" provisions which had been deemed unconstitutional and voided at the time the County wrongdoers acted.
(Case pleading to Vacate now pending)

d.) The predominant other traffic charges, and very few felony charges, prior to 1999 had been due to a substance abuse / addiction problem the detainee has addressed and responsibly dealt with;

e.) The detainee was born in Rockford and all [his] family and children do reside within Rockford.

7. That the Respondent(s) know full well the detainee had not been driving any vehicle upon April 4, 2003. The Respondent(s) have an affidavit from the actual driver within the 2003CF2192 prosecutions file. Additionally, it had been medically impossible for this detainee to have been driving at that date and time due to a *full right-leg cast, resulting from multiple compound fractures to the right leg, with subsequent surgery upon said right leg, upon March 14, 2003.*;

8. That since habeas corpus proceedings are civil in nature, federal courts, in deciding under the Rule whether to release a successful habeas petitioner pending the State's appeal, should be guided by the traditional standards governing stays of civil judgments: —

   a.) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

   b.) whether the applicant will be irreparably injured absent a stay;

   c.) whether issuance of the stay will substantially injure the other parties interested in the proceeding;

   d.) and where the public interest lies.

   ( See: __HILTON v. BRAUNSKILL__, (1987) 481 U.S. 770, 107 S.Ct. 2113)

9. That the detainee should be granted a recognizance bond, or in the alternative a reasonable bond amount as consistent with 17th judicial circuit court local rule and Illinois Law, by this United States District Court, pending full and final hearing of the matters and issues at bar before this Honorable Court; (See: Annexed copy of local bond Rule/Order)

   *WHEREFORE* Plaintiff / Detainee, James Russell Johnson humbly and respectfully prays for this Honorable Court to grant this pleading for a recognizance bond, or in the alternative a reasonable bond in an amount of $4000.00 / 10% to apply, consistant with local rule / order and Illinois Statute;

*PLAINTIFF / DETAINEE* prays for any just and equitable relief this Honorable Court further deems to be fair and appropriate;

Respectfully Submitted:

Date: January 22, 2008

/S/ *James Russell Johnson*

Mr. James Russell Johnson
Plaintiff / Detainee / Citizen

5.

# 17th Judicial Circuit Court Rules

## General Order No. 2 - Criminal Division - Winnebago County;

### 2.03 Felony Bail Schedule

| CLASSIFICATION | BOND AMOUNT |
| --- | --- |
| Murder | Must Be Set by Judge |
| Class X Felony | $50,000 |
| Class 1 Felony | $10,000 |
| Class 2 Felony | $5,000 |
| Class 3 Felony | $3,500 |
| **Class 4 Felony** | **$2,000** |

# RULES OF THE SUPREME COURT OF THE UNITED STATES

## PART VII. PRACTICE AND PROCEDURE

### Rule 36. Custody of Prisoners in Habeas Corpus Proceedings

1. Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule.

2. Upon application by a custodian, the court, Justice, or judge who entered the decision under review may authorize transfer and the substitution of a successor custodian as a party.

3. (a) Pending review of a decision failing or refusing to release a prisoner, the prisoner may be detained in the custody from which release is sought or in other appropriate custody or may be enlarged on personal recognizance or bail, as may appear appropriate to the court, Justice, or judge who entered the decision, or to the court of appeals, this Court, or a judge or Justice of either court.

   (b) Pending review of a decision ordering release, the prisoner shall be enlarged on personal recognizance or bail, unless the court, Justice, or judge who entered the decision, or the court of appeals, this Court, or a judge or Justice of either court, orders otherwise.

4. An initial order respecting the custody or enlargement of the prisoner, and any recognizance or surety taken, shall continue in effect pending review in the court of appeals and in this Court unless for reasons shown to the court of appeals, this Court, or a judge or Justice of either court, the order is modified or an independent order respecting custody, enlargement, or surety is entered.

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*