## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50002 | **DATE** | January 25, 2008 |
| **CASE TITLE** | James Russell Johnson (#1716) v. Richard Meyers | | |

**DOCKET ENTRY TEXT:**

The court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motions for evidentiary hearing [6] and for habeas corpus bail [7] are denied.

■ [For further details see text below.]  Docketing to mail notices.

### STATEMENT

    Petitioner James Russell Johnson, currently a pre-trial detainee at Winnebago County Jail, brings this *pro se* petition for a writ of habeas corpus. He alleges that he has been indicted, arrested, and incarcerated upon two illegitimately enhanced and aggravated Class 4 felony driving while license is revoked charges.

    Federal courts do not interfere with pending state criminal proceedings except under extraordinary circumstances, see *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts require, as a matter of comity, the respect owed one government for another's laws and courts, that pretrial detainees exhaust all avenues of state relief before petitioning a federal court for habeas corpus. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). *See also Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979); *In re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17-18 (1st Cir. 2000) (discussing *Neville* and noting that "federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues").

    Petitioner's state court remedies have not been exhausted because he has not even gone to trial yet. Petitioner still has available lower state court remedies, particularly direct review, if his trial does not result in an acquittal. *See Brink v. Rouch*, 677 F.Supp. 569, 571 (C.D. Ill. 1988); *Hughes v. Kiley*, 67 Ill.2d 261, 367 N.E.2d 700 (1977). Petitioner therefore must exhaust his state court remedies before pursuing federal habeas corpus relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    Petitioner has moved for habeas corpus bail. Petitioner has state court remedies to appeal a trial court's refusal to grant or modify his bail. *See* Illinois Supreme Court Rule 604(c). Petitioner apparently has not exercised these remedies. Furthermore, a federal district court judge in habeas corpus proceedings can only grant or modify bail to a habeas applicant who has criminal proceedings pending in state court if extraordinary circumstances exist. *See Kramer v. Jenkins*, 800 F.2d 708, 709 (7th Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). In determining whether bail is "reasonably calculated," the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus that comes before it. *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984). That would not only further burden the federal court system, but it would represent an unwarranted interference in the operation of the state's criminal justice system. *Finetti v. Harris*, 609 F.2d 594, 600 (2d Cir. 1979); *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972). The court accordingly denies petitioner's motion for bail.

    Because the court is dismissing this action, petitioner's motion for evidentiary hearing is denied as moot.

    After preliminary review, the court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.