UNITED STATES DISTRICT COURT for THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN, DIVISION.

In Re:

James Russell Johnson,
     Plaintiff,

— v.s. —                    CASE NO.: 08C50002.

State of Illinois,
Winnebago County Sheriff:
Richard Meyers,
420 West State Street
Rockford, Illinois. 61101.

**FILED**
FEB 0 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM OF LAW, BRIEF AND ARGUMENT OF SUPPLEMENTAL ISSUE(S)

The Plaintiff presented viable, colorable, and meritorious issue's which entitle habeas corpus relief as requested. Upon additional research, the Plaintiff has additional issue's of Supplemental and Supporting nature regarding United States Constitutional Violations regarding probable cause; due process, equal protection, et al. In that:

(a.) The Winnebago County Assistant States Attorney failed to provide any supporting evidence, aside from an erroneous Illinois Drivers License Abstract, sufficient to establish Probable Cause before the grand juries;

(b.) The Plaintiff can particularize multiple errors upon the Illinois Drivers License Abstract, used by the Winnebago County Personnel; sufficient to rebut the abstract's veracity. (Hruza, at 325)

PEOPLE v. HRUZA (2 Dist. 2000) 312 Ill. App. 3d 319, 726 N.E. 2d 764;
cited by PEOPLE v. MEADOWS (2 Dist. 2007) 371 Ill. App. 3d 259.

(Page 1 of 4)

(C.) Prior Convictions set out upon the Illinois Secretary of States abstract are not accurate, as known by the Winnebago County Assistant States Attorney.
PEOPLE V. MANIKAS (1969) 106 Ill.App.2d 315, 323; cited by MEADOWS, id.

Under the Illinois Vehicle Code Sections 625 ILCS 5/2-123(g)(6), an Illinois drivers license Abstract mechanically certified is proper and is sufficient under the law to establish Prior Convictions. 625 ILCS 5/6-303(f) provides whereas a parties Illinois drivers license abstract shall be admitted as proof of prior Convictions.

Upon the Winnebago County Assistant State's Attorney's Illinois Drivers License Abstract; as presented before two State of Illinois Winnebago County Grand juries, the Illinois Secretary of State's Certified abstract maintains this Plaintiff has had nine (9) Convictions for D.U.I. within Winnebago County and eleven (11) Convictions for Driving while License is Suspended or revoked. That is inaccurate.

Upon the face of that record or abstract, such can be shown to be a false and inaccurate record or abstract via documented evidence by the Plaintiff.

The Plaintiff asserts that the Winnebago County indictments in 2003CF2192 and 2007CF1671 are based upon false information within the Illinois Secretary of States drivers license abstract as previously provided by the Winnebago County personnel under color and guise of State law.

The Plaintiff should be granted relief by habeas corpus as per due process violations which can be established upon hearing, with Certainty! PEOPLE V. DeCesare (1989) 190 Ill.App.3d 934, 944; See: PEOPLE V. CReQue (1978) 72 Ill.2d 515, 524; cited by Hruza;

(page 2 of 4)

Both indictment's within 2003CF2192 and 2007CF1621 are solely premised upon evidence (an abstract) which is incompetent and in error. DeSesare, 190 Ill.App.3d at 944; PEOPLE V. Schulz (1987) 154 Ill.App.3d 358, 367. Cited by Hruza, id.

United States Constitutional rights and guarantees as per probable cause, procedural and substantive due process, equal protection of law, et al; regarding the Plaintiff have been harshly breached and violated by intentional misleading of both the 2003 and 2007 Illinois Grand juries' through a knowing use of false records as manufactured by State Actors of Winnebago County. PEOPLE V. DiVincenzo (1998) 183 Ill.2d 239, 257; Cited by PEOPLE V. OLIVER (2006) 368 Ill.App.3d 690, 859 N.E.2d 38.

The aforementioned Constitutional violations against the Plaintiff can be shown and made unequivocally clear, if or when meaningful access to the Court is granted for the Plaintiff to prove up this action at bar. PEOPLE V. HART (2003) 338 Ill.App.3d 983, 991. Cited by Oliver 368 Ill.App.3d 690.

In Conclusion, the Plaintiff cites both BERGER V. UNITED STATES, 295 U.S. at 88 as cited by UNITED STATES V. WILLIAMS (1992) 504 U.S. 36, 112 S.Ct. 1735. Which held:

> "A [State's Attorney] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall "win a case", but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the two fold aim of which

(page 3 of 4)

... is that guilt shall not escape, "nor innocence suffer". He may prosecute with earnestness and vigor — indeed, he should do so. But while striking hard blows, he is "not at liberty to strike foul ones." It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction (Emphasis added) as it is to use legitimate means to bring about a just one.

By the extended and unwarranted imprisonment, the Plaintiff has lost his home and possessions past ... and now present. My proof and evidence supporting my pleading are clear and unequivocal.

The Plaintiff requests an evidentiary hearing on the habeas corpus pleading, to establish this.

(Page 4 of 4)