FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

TO THE UNITED STATES COURT OF APPEALS FOR THE
SEVENTH JUDICIAL CIRCUIT APPELLATE COURT

| | |
|---|---|
| JAMES RUSSELL JOHNSON, <br> Petitioner-Appellant, <br><br> - Vs.- <br><br><br> RICHARD A. MEYERS, <br> Respondent-Appellee, | ) Appeal from the United States District <br> ) Court, for the Northern District of <br> ) Illinois, Western Division <br> ) <br> )  Cause No.: 08-C-50002. <br> ) <br> ) Type of pleading: Denial of a Rule 60(b) <br> )                    motion to reconsider. <br> ) Date of Judgment: July 11, 2008 <br> ) <br> ) Honorable <br> ) Frederick J. Kapala <br> ) Judge Presiding |

FILED
JUL 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## APPLICATION FOR A
## CERTIFICATE OF APPEALABILITY,
## GOOD FAITH MEMORANDUM

I, James Russell Johnson, petitioner-appellant in the above named cause, hereby moves for a certificate of appealability to issue, in which the petitioner-appellant does have substantial, good faith, documentary and material evidence establishing whereas such certificate should heretofore issue. Even though such certificate of appealability is not required regarding pre-trial detainees as decided by the Seventh Circuit Appellate Court pursuant to the provisions as are set out within _Walker v. O'Brien_, 216 F.3d 626 (7th Cir. 2000), as maintained recently within December 2006 in _Anderson V. Benik_, 471 F.3d 811 (7th Cir. 2006), which holds:

> "...[parties] did not need a COA to appeal the district court's dismissal because [parties] are not challenging any conviction or sentence. A petitioner is only required to obtain a COA when the detention "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). In _Walker_, we explained that "we do not see how we can construe the words `process issued by a State court' to mean `process not issued by a State court,..." _Walker_, 216 F.3d at 637. "We see no reason to revisit that decision or to overturn _Walker_ as the state requests."

1.

Because this petitioner-appellant is challenging the illegitimate and defective actions of Winnebago County officials regarding the filing of false charges and the initiation of illegitimate bad faith prosecutions and subsequent pretrial imprisonments relating thereto, for improper purpose, rather than challenging any conviction or sentencing of a state court, the petitioner-appellant does not require a COA. However, the petitioner-appellant does duly request for a COA to issue in light of the Illinois case law decisions which uphold this petitioner-appellant's position for emergency petition for habeas corpus relief.   Within *People V. Quigley* (1998)183 Ill.2d 1 at 9-16, 697 N.E.2d 735, the Illinois Supreme Court overruled Winnebago County, and held whereas the Winnebago County 17th Judicial Circuit Courts could not separately charge and prosecute misdemeanor and felony traffic charges which were based upon the same act.  That pursuant to compulsory joinder issues of Illinois Law, such charges must be brought at the same time of the commencement of the original prosecution.  At this time Judge Frederick J. Kapala had been the 17th Judicial Circuit Court Judge whom had been overruled by the Illinois Supreme Court within *Quigley*. (*720 ILCS 5/3-3 and 720 ILCS 5/3-4.*)   The upon May 29, 2008, the Illinois Second District Appellate Court recently upheld and maintained the 1998 *Quigley* decision, *once again overruling Winnebago County* 17th Judicial Circuit Courts, within  *People V. Phipps* 2-06-0423 (Ill. App. 5-29-2008) . The *Phipps* case does defer to, and discuss, the Illinois Supreme Court decision within *Quigley*. Within *Phipps*, the Second District Appellate Court additionally reprimanded the State Appellate Prosecutors, et al, in that:

> " Moreover, although the State has the right to argue any procedural basis
> to affirm the trial court's judgment, we believe that to rely solely on that
> basis, particularly when the defendant is asserting the substantial deprivation
> of a constitutional right, is inappropriate. The role of the State on appeal is
> more than just arguing that the lower court's decision should be affirmed.
> *The State's role is to provide arguments sounded in law and, if necessary to concede errors below, to help ensure that this court reaches a just resolution of the case before it.*
> See *United States v. Wade*, 388 U.S. 218, 256 n. 5,18. L. Ed. 2d 1149, 1174 n. 5, 87 S. Ct.
> 1926, 1947 n. 5 (1967)  (White, J., concurring in part and dissenting in part, joined by Harlan
> and Stewart, JJ.),quoting *Berger v. United States*, 295 U.S. 78, 88, 79 L. Ed. 1314,
> 1321, 55 S. Ct. 629, 633 (1935) (*setting forth that the State's obligation in a criminal prosecution "'is not that it shall win a case but that justice shall be done'"*). "

The petitioner-appellant wishes to point out whereas [he] had been charged, in bad faith, with the non-existant Class 4 felony charge of Aggravated Driving While Drivers License is Suspended or Revoked, pursuant to the intentional, wilfull, wanton, and knowing misapplication of the Illinois Vehicle Code *recidivist sentence enhancement provisions* of 625 ILCS 5/6-303 (d)(d-3).   Within January 2008, the petitioner-appellant provided copy of [his] Illinois Drivers License Abstract before the District Court.   The petitioner-appellant provided copy of a May 21, 2008, correspondance from Illinois Secretary of State personnel, upon June 14, 2008, whereas it does firmly establish whereas the petitioner-appellant is not under one of the four required suspension or revocation conditions, burdens, proofs, or sections named within parahraphs 6-303 (d)(d-3), which could then be applied, and is a prerequisite to, any Class 4 felony sentence enhancement after conviction.   ( See: *Almendarez-Torres v. United States*,(1998) 523 U.S. 224, which holds whereas:

> *Graham v. West Virginia*, 224 U.S. 616, 624 (1912). That conclusion followed, the Court said, from "*the distinct nature of the issue*," and the fact that recidivism "does not relate to the commission of the offense, *but goes to the punishment only*, and therefore . . . may be subsequently decided." *Id.*, at 629 (emphasis added). The Court has not deviated from this view. See *Oyler v. Boles*, 368 U.S. 448, 452 (1962) (due process does not require advance notice that trial for substantive offense will be followed by accusation that the defendant is a habitual offender); *Parke, supra*, at 27 ("*[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only*"). And, as we said before, *supra*, at 5-6, Congress, reflecting this tradition, has never, to our knowledge, made a defendant's recidivism an element of an offense where the conduct proscribed is otherwise unlawful. See *United States v. Jackson*, 824 F.2d 21, 25, and n. 6 (CADC 1987) (opinion of R. Ginsburg, J.)
>
> ***Subsections as are penalty provisions, which simply authorizes an enhanced sentence do not create a separate crime,....*** .   Within limits, see *McMillan v. Pennsylvania*, 477 U.S. 79, 84-91, the question of which factors are which is normally a matter for Congress. See *Staples v. United States*, 511 U.S. 600, 604. Pp. 228-229. (b) That Congress intended subsection (b)(2) to set forth a sentencing factor is reasonably clear from a number of considerations. Its subject matter is a typical sentencing factor, and the lower courts have almost uniformly interpreted statutes that authorize higher sentences for recidivists as setting forth sentencing factors, not as creating separate crimes. ...***legislature's decision to treat recidivism, in particular, as a sentencing factor rather than an element of the crime does not exceed constitutional limits on the legislature's power*** to define the elements of an offense. *McMillan v. Pennsylvania,*477 U.S. 79.

3.

The petitoner-appellant additionally provided 17th Judicial Circuit Court material before the District Court, Judge Frederick J. Kapala, upon June 14, 2008.   The aforementioned documentary material evidence clearly and unambiguously establishes whereas this petitioner-appellant is being illegally charged, imprisoned, and being intentionally denied all due process, equal protection, redress of grivance, et al, constitutional rights and guarantees as defined under the United States Constitution.  The petitioner-appellant provided the aforementioned District Court with:

> ( i. )  A 17th Judicial Circuit Court docket record whereas [he] was charged with a Class A. Misdemeanor Driving while revoked upon the date of June 16, 2006, by complaint.  Commencing prosecution under Winnebago County case number: 2006TR030246;

> ( ii. ) A 17th Judicial Circuit Court order of dismissal of 2006TR030246, from Judge John Young, dated from April 20, 2007;

> ( iii. ) A defective information charging the petitioner with a non-existant charge of Class 4 felony Aggravated Driving while revoked from May 01, 2007;  And an indictment from May 02, 2007, as per a defective charge against this petitioner-appellant with a non-existant charge of Class 4 felony Aggravated Driving while revoked. Winnebago County Case number 2007CF1671.

(Both 2007CF1671 charges were each predicated upon dismissed case 2006TR030246 contrary to compulsory joinder provisions of Illinois law as previously set out herein;)

> ( iv. ) Copy of the 1998 Illinois Supreme Court Mandate #82750 from *People V. Quigley* (1998)183 Ill.2d 1, 697 N.E.2d 735, showing whereas Judge Frederick J. Kapala had at the time been the 17th Circuit Court Judge whom had been overruled by the Illinois Supreme Court;

> ( v. ) Copy of the Winnebago County 17th Judicial Circuit Court docket record from *People v. Quigley* to establish Winnebago County Assistant States Attorney, Steven J. Biagi's involvement as an agent of the State upon April 27, 2005, regarding a dismissal motion pursuant to mandate #82750;

> ( vi. ) Copy of the Winnebago County 17th Judicial Circuit Court docket record from *People v. Quigley* to establish Judge Rosemary Collins involvement within this case on dismissal, upon April 20, 2005;

( vii. ) That both ASA Steven J. Biagi and Judge Rosemary Collins are both directly involved with the petitioner-appellant as per 2007CF1671, and both know, or reasonably should have known, that 2007CF1671 is not a legitimate prosecution by compulsory joinder provisions of Illinois law;

( viii. ) That ASA Steven J. Biagi, was the 17th Judicial Circuit Personnel from the Winnebago County States Attorney Office whom additionally had illegally indicted *Craven Phipps*, within 2004 in bad faith, in violation of Illinois Compulsory joinder law as outlined within *Quigley*.
See:*People V. Phipps* 2-06-0423  (Ill. App. 5-29-2008)

That Judge Frederick J. Kapala is and was a personal friend and former colleague of 17th Judicial Circuit Court Judge, Rosemary Collins. Judge Kapala additionally knows, or reasonably should have known, whereas this petitioner-appellant is being illegitimately charged, prosecuted, and wrongfully imprisoned due to an illegitimate case before judge Collins. This petitioner-appellant had presented a motion to transfer, change of venue, prior to Judge Frederick Kapala ruling and denying 2008C50002 upon January 23, 2008. Such had been predicated upon the long - standing judicial and personal relationships between Judge Kapala; Judge Collins and ASA Biagi, and the petitioner-appellants now warranted allegations whereas such material as per 2008C50002 cannot be impartially ruled upon, or reviewed by new judge Frederick J. Kapala. Such was presented prior to January 23, 2008, within 08 C 50002, but was not filed (nor heard) until after the erroneous denial and dismissal of 2008 C 50002 by Judge Kapala. This was intentionally accopmplished and perfected, by Judge Kapala's directing the Clerk to file such venue pleading belatedly, as envelope postmark's do attest. As an aside, a recent corruption and conspiracy complaint has been filed against Judge Frederick J. Kapala, with the United States Department of Justice by the petitioner-appellant. Additionally, a judicial inquiry board complaint for misconduct is being presented. To which this pleading, and additional evidentiary material as outlined herein, is being presented. Illinois complaints have been presented, and are under investigation, regarding 17th judicial circuit court personnel involved as set out herein, in relatin to those illegal activities under the color and guise of State law through the abuse of official positions or offices. For the record.

5.

## CONCLUSION

It is a sad day for any United States American citizen when non-resident suspected terrorist parties do receive more prompt, full and fair review of their detentions by the United States District and appellate Court's...but Americans cannot because of judicial and legal parties using their offices to intentionally interfere with that Constitutional right of redress and due process, et al. So tell me, if you can..."whom" are the terrorists undermining american judicial economy and constitutional provisions relating to all U.S. Citizens thereto????

SEE: *Al-siddiqui V. Achim*, 07-3872 (7th Cir. 6-27-2008)

Due to the nature of this action, and Judge Frederick J. Kapala is a federal judicial colleague, I fully expect this COA request to be denied and ignored...just like the rest of the material presented previously. There is not any justice for the poor whom cannot afford counsel to represent them in matters such as this. There is not any justice for the parties wrongfully classed as a "prisoner", when such is illegally perfected...regardless of any additional consideration. This is wrong. There is not any upholding any law or any constitution, at least up to this point for the petitioner-appellant. The District Court, up to this point, has been only upholding and supporting the official, judicial and prosecutorial conduct of prior colleague's. As well as duly interferring with the preliminary procedural matters which should have been addressed long since, regarding this petitioner-appellant and the legitimate appellate court material. Issue's which long since should have been promptly addressed and decided upon the merits. This is not rocket science, but a simple matter well presented and firmly supported. So if not for improper intereferrence, then what is causing those untowards delay relating to any resolution???

Respectfully Submitted;

Date: July 16, 2008        By: *James Russell Johnson*
                           Mr. James Russell Johnson, #1716
                           650 West State Street
                           Rockford, Illinois. 61102.

6.