IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| *People ex rel.* <br> JAMES RUSSELL JOHNSON, <br> Plaintiff, <br><br> - Vs. - <br><br> RICHARD A. MEYERS, <br> Respondent, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.: 08 C 50002 |

FILED

AUG 0 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### AMENDED EMERGENCY PETITION FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. § 2241(c)(3)

Pursuant to *28 U.S.C. § 2241(c)(3)* the plaintiff moves this Honorable Court with an amended emergency petition for habeas corpus relief. In support thereof, the plaintiff represents whereas:

1. The plaintiff has a number of 908 actual days of pretrial custody and wrongful imprisonment, as per a State of Illinois defective Class 4 felony 17th Judicial Circuit Winnebago County indictment 2003-CF-2192. This time is yet tolling, and is beyond a period of thirty (30) month's, to date. This case is five (5) years old, with in excess of 2 1/2 years of purported "pre-trial" actual custody time; This defective indictment, is for an alleged offense which is a non-existant criminal offense under Illinois Law;

2. The plaintiff was charged with Class A misdemeanor driving while license is suspended or revoked upon June 15, 2006. This prosecution was commenced by complaint by the Winnebago County States Attorney, via the City Attorneys Office, upon June 16, 2006. Winnebago County 17th Judicial Circuit Case number 2006-TR-030246; ( Exhibit - I. )

3. 2006-TR-030246, et al, had been dismissed upon April 20, 2007, upon arraignment, by 17th Judicial Circuit Court Judge, Honorable John H. Young. The State did not appeal the dismissal; ( Exhibit - II. )

1.

4. A sum of 290 days after the commencement of 2006-TR-030246, as dismissed upon April 20, 2007, the Winnebago County States Attorney indicted the plaintiff illegally, and predicated case 2007CF1671 upon those same exact acts from June 15, 2006, as per dismissed case 2006-TR-030246. This behavior had been barred both by the Illinois Supreme Court and the Second District Appellate Court, specifically against Winnebago County, within *People v. Quigley*, (1998)183 Ill. 2d 1, 11; and, *People V. Phipps*, 2-06-0423 (Ill.App. 5-29-2008)  ( Exhibit - III.) This defective indictment, is for an alleged offense which is a non-existant criminal offense under Illinois Statutory Law, and the plaintiff is being illegally detained and imprisoned in violation of the United States Constitutional provisions against unlawful arrest and imprisonment;

5. The plaintiff has a current number of 261 actual days of pretrial custody and wrongful imprisonment, as per defective Class 4 felony indictment 2007-CF-1671. This time is yet tolling, for an alleged offense which is a non-existant criminal offense under Illinois statutory Law;

6. The plaintiff is not revoked pursuant to any one of the four statutory defined prerequisite sections required for recidivist Class 4 felony sentencing enhancement after conviction of 625 ILCS 5/6-303(a) as defined within 625 ILCS 5/6-303(d-3); Under section (d-3) a *conviction* is required for recidivist sentencing enhancement, and only when additional prerequisites are present and met. ( Exhibit - IV. ) In *People V. Lurz*, (2 Dist.2008)379 Ill. App.3d 958, 885 N.E.2d 433, the Illinois Second District Appellate Court maintains whereas:

> "Commonly referred to as the *corpus delicti* of the offense, the State must prove the elements in order to get a conviction."

7. In *People v. Sheehan*, (1995)168 Ill. 2d 298, at 301, 659 N.E.2d 1339, 1343. The court determined that the legislature's use of the term *"committed"* in the statute, rather than *"convicted,"* mandated a broader interpretation and included prior offenses for which the defendants successfully completed court supervision.  The Court further noted that "*had the legislature intended enhancing offenses to include only those resulting from convictions, it would have so stated.*" *Sheehan*, at 307. ( *Emphasis added* - See: *625ILCS 5/6-303(d-3)*) Also see *People V. Jordan*, 218 Ill.2d 255 (2006);

8. This Illinois Second District Appellate Court recently maintains within *PEOPLE v. FLORES*, (2 Dist.2008) 378 Ill. App.3d 493, 882 N.E.2d 1051; whereas:

"The legislature has wide discretion to establish penalties for criminal offenses, but that discretion is limited by the constitutional guarantee that a person may not be deprived of liberty without due process of law. *People v. Wright*, 194 Ill. 2d 1, 24 (2000), citing *In re K.C.*, 186 Ill. 2d 542, 550 (1999). The Illinois Supreme Court recently maintains within *PEOPLE v. BROWN*, 104375 (Ill. 6-19-2008) whereas (matters of statutory interpretation present questions of law and are subject to *de novo* review). See *In re Jaime P.*, 223 Ill. 2d 526 (2007) When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *People v. Palmer*, 218 Ill. 2d 148 (2006). Legislative intent is determined by considering the language of the statute, given its plain and ordinary meaning, as well as the purpose and necessity for the law, the evils sought to be remedied, and goals to be achieved. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). Each word, clause and sentence of the statute must be given reasonable meaning and not rendered superfluous, unless to do so would result in absurdity, inconvenience, or injustice. *People v. Palmer*, 218 Ill. 2d at 156.

9. As per this plaintiff, there is no concern for any public safety at issue. Any additional pretrial imprisonment for a 2003 and a 2006 traffic case defectively enhanced into a non-existant Illinois Statutory Criminal offense, is not only criminal, but is against fundamental fairness and against any interests of justice. The plaintiff humbly moves this Honorable Court for habeas corpus relief and discharge. The respondent did agree with the plaintiff as per all facts, in State Court, yet the Plaintiff is still imprisoned. ( Exhibit - V. ) This is reflected within paragraph #2 of the June 03, 2008, handwritten Court order from the respondent's counsel. Which establishes that there are no contested issues of fact as per this amended emergency habeas corpus pleading as presented before this Court pursuant to those United States Constitutional violations regarding due process, probable cause, equal protection, redress of grievance, et al.

**WHEREFORE** the plaintiff humbly prays for this Honorable Court to grant this amended emergency habeas corpus pleading for release and discharge in the interests of justice and fundamental fairness;

3.

*PLAINTIFF* prays for any just and equitable relief this honorable court further deems to be fair and appropriate.

Respectfully Submitted;

Date: August 7, 2008

By: *James Russell Johnson*
Mr. James Russell Johnson, Plaintiff

4.

IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| *People ex rel.* ) | |
| JAMES RUSSELL JOHNSON, ) | |
| Plaintiff, ) | |
| ) | |
| - Vs. - ) | No.: 08 C 50002 |
| ) | |
| RICHARD A. MEYERS, ) | |
| Respondent, ) | |
| ) | |

AMENDED
EMERGENCY PETITION FOR
HABEAS CORPUS RELIEF
PURSUANT TO 28 U.S.C. § 2241(c)(3)

ORDER

This matter coming on to be heard as per an Amended Emergency Petition for Habeas Corpus Relief presented by the Plaintiff, People ex rel. James Russell Johnson. After being duly advised as to the premise enunciated herein, the Plantiff's Amended Emergency Petition for Habeas Corpus Relief is hereby GRANTED/DENIED.

_____

_____

_____

DATED:_____    ENTER:_____

                              PRESIDING JUDGE

James Russell Johnson, #1716
Plaintiff
650 West State Street
Rockford, Illinois. 61102.

STATE OF ILLINOIS )
WINNEBAGO COUNTY)

## NOTICE OF FILING, PROOF OF SERVICE

The undersigned, being duly sworn on oath deposes and states whereas upon August 08, 2008, the original of the attached Amended Emergency Petition for Habeas Corpus Relief, were filed with the United States District Court of the Northern District of Illinois, Western Division, Clerk of Court at 211 South Court Street, Rockford, Illinois. 61101. One copy was served upon the parties as listed below, by placing such within the United States Postal Service of the Winnebago County Justice Center at 650 West State Street, Rockford, Illinois. 61102, in envelopes properly addressed with proper and sufficiemt postage affixed to the same.

Winnebago County States Attorney
ASA Gregory Minger
400 West State Street, 8th Floor
Rockford, Illinois. 61101.

Illinois Attorney General's Office
AAG Jay Paul Hoffmann
100 West Randolph Street, 12th Floor
Chicago, Illinois. 60601-3218.

Date: August 7, 2008

/S/ James Russell Johnson
Mr. James Russell Johnson, Plaintiff

TRAFFIC                                              Date:    5/15/2008
                                                     Time:   01:10/18
                                                     Page:          1
2006 TR 030246   Judge:                    From 0/00/0000 To 99/99/999
                                                     User: MALONEJ
   Case Names_____ Attorney Names_____   Wsid: CCMPC43G1
           VS                                         All Entries For
   JOHNSON JAMES R

__Date__

6/16/2006 Complaint 02 Count 002 DRIVING ON REVOKED LICENSE Jun 15,2006
          Defendant JOHNSON JAMES R
          Statute 625 5/6-303(a)   Class A   Orig.
          Agency: CHERRY VALLEY   Ticket#: 24756

6/16/2006 Bond Type Bond On Companion Case Defendant JOHNSON JAMES R
          ARRAIGNMENT Jul 12,2006 01:30PM Rm217

7/12/2006 BENCH WARRANT TO ISSUE Bond $3000.00
          People of the State of Illinois present by CITY
          ATTORNEY.  Defendant fails to appear.  Bench
          Warrant to issue. Bond Set at 3,000.00 less 10
          percent.  Bench Warrant was issued as ordered on
          06tr30245. Concurrent.
          Document WAR Not Printed

4/09/2007 WARRANT RETURNED SERVED
          BENCH WARRANT RETURNED Apr 20,2007 02:00PM Rm217   Judge HENNESSY

4/20/2007 DISMISSAL PRO SE
          People of the State of Illinois present by Assistant State's
          Attorney, CITY ATTORNEY. Defendant appears Pro Se. On the motion
          of the state, case is dismissed. BOND TO BE REFUNDED TO DEFT AT
          NEW ADDRESS     1604 16TH ST. RKFD, 61104.   ORDER FILED IN
          06TR30245.
          Judge:YOUNG JOHN H   Clerk:CMC    M

4/20/2007 Disposition 02/00  Count 002  No Fine & Cost Signed  Judge YOUNG JOHN H
          Defendant JOHNSON JAMES R  Asst States Attorney CITY ATTORNEY
          Disposition: Dismiss/State Motion DRIVING ON REVOKED LICENSE
          Disposition Type: Court Action   Defendant Plea: No Plea Entered
          Statute 625 5/6-303(a)   Class A   Orig.
          Sentence: 04/20/2007
          No Fine & Cost              .00
          Status:CLOSED  Report:Closed  Apr 20,2007
          Judge:YOUNG JOHN H

9)

CC-75

## STATE OF ILLINOIS

### CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

FILED
Date: 4-20-07
Thomas A. Klein
Clerk of the Circuit Court
By CC Deputy
Winnebago County, IL

The City of Cherry Valley

-vs-

James R. Johnson

Case No. 06TR30245

## ORDER

The charges are dismissed on ~~own~~ motion of state's attorney.

All cases 06TR 030245, 030246, 030247 + 030248 ARE hereby dismissed

Dated: 4-20-07

[signature]
JUDGE

SJB

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No.  07 CF 1671 |
| JAMES R. JOHNSON (D.O.B. 10-9-66),<br>Defendant. | )<br>)<br>) | |

COPY

## BILL OF INDICTMENT

The Grand Jury charges:

That on or about 15 June 2006, in the County of Winnebago and State of Illinois, JAMES R. JOHNSON committed the offense commonly called **AGGRAVATED DRIVING AFTER REVOCATION**, in that he drove or was in actual physical control of a motor vehicle upon a highway in this state at a time when his driving privileges were revoked, in violation of 625 ILCS 5/6-303, the revocation being for a prior conviction for the offense commonly called Driving While Under the Influence of Alcohol, and his having previously been convicted of the offense commonly called Driving after Suspension or Revocation in Winnebago County Illinois on 18 February 1993, 30 January 1998, 2 February 1998, 26 June 1998 and 1 July 1999, and in DeKalb County, Illinois on 17 May 2005 and also on 17 May 2005 for a separate offense, in violation of 625 ILCS 5/6-303(d-3). (Class 4 Felony - Minimum term of imprisonment of 180 days - Extended Term eligible - Mandatory consecutive sentence to 03 CF 2192)

FILED
Date: 5/2/07
_Thomas A. Klein_
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

A TRUE BILL
_George W. Gibson_
Foreperson

CVPD 06-003062

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

THE PEOPLE OF THE STATE OF ILLINOIS, )
    Plaintiff, )
)
v. ) No. 07 CF 1671
)
JAMES R. JOHNSON (D.O.B. 10-9-66), )
    Defendant. )

INFORMATION

The State's Attorney of said County charges:

That on or about 15 June 2006, in the County of Winnebago and State of Illinois, JAMES R. JOHNSON committed the offense commonly called **AGGRAVATED DRIVING AFTER REVOCATION**, in that he drove or was in actual physical control of a motor vehicle upon a highway in this state at a time when his driving privileges were revoked, in violation of 625 ILCS 5/6-303, the revocation being for a prior conviction for the offense commonly called Driving While Under the Influence of Alcohol, and his having previously been convicted of the offense commonly called Driving after Suspension or Revocation in Winnebago County Illinois on 18 February 1993, 30 January 1998, 2 February 1998, 26 June 1998 and 1 July 1999, and in DeKalb County, Illinois on 17 May 2005 and also on 17 May 2005 for a separate offense, in violation of 625 ILCS 5/6-303(d-3). (Class 4 Felony - **Minimum term of imprisonment of 180 days - Extended Term eligible - Mandatory consecutive sentence to 03 CF 2192**)

                                        Paul A. Logli
                                        State's Attorney of the
                                        County of Winnebago

BY: _____
          Steven J Biagi
          Assistant State's Attorney

STATE OF ILLINOIS )
) ss
COUNTY OF WINNEBAGO )

I, Steven J Biagi, of said County and State, being sworn according to law, do on oath say that the matters and things set out and stated in the within information are true, to the best of my knowledge, information, and belief.

_____
Steven J Biagi
Assistant State's Attorney

Subscribed and sworn to before me this 1st day of May, 2007.

OFFICIAL SEAL
BEATRICE SMITH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/01/10

_____
Notary Public

---

STATE OF ILLINOIS
IN THE CIRCUIT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

Information filed this 1st day of MAY, 2007.

Bail set at $260,000. Warrant or Notice ordered to issue.

_____
JUDGE

Said defendant comes now in open court and of his own free will, waives his right to a trial by jury in the above entitled cause, and consents to a trial by the court without a jury. The defendant pleads _____.
(guilty or not guilty)

_____
Defendant

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2007.

_____
JUDGE



# OFFICE OF THE SECRETARY OF STATE

JESSE WHITE • Secretary of State

May 21, 2008

James Russell Johnson MID #1716
650 West State St
Rockford, IL 61102

RE: J525-4566-6288

Dear Mr. Johnson,

This office has received your correspondence and the following information is being provided.

In accordance to the Illinois Vehicle Code any driver who receives four convictions for 11-501 (DUI), 11-401 (Leaving the Scene of a Personal Injury Accident), 9-3 of the criminal code (Reckless Homicide), or any combination of these offenses or similar provisions of local ordinances or similar out-of-state offenses committed at different instances and one of the convictions had an arrest date on or after January 1, 1999, the driver is prohibited from making application for any driving relief in Illinois for a lifetime.

A review of your driving record reflects that you were convicted of four separate offenses of driving under the influence (11-501). This resulted in your drivers license and driving privileges being revoked in accordance to authority section 6-205(a)2 of the Illinois Vehicle Code. Be advised, Orders of Revocation have been in effect since November 18, 1992. Since the arrest date of the fourth conviction was April 28, 1999, you are not eligible to obtain a drivers license in the State of Illinois. Therefore, you are not required to pay a reinstatement fee at this time.

If you have any questions, please do not hesitate to contact this office at (217) 782-7037.

Sincerely,

*Mary H. Bandy*

Mary H. Bandy, Supervisor
Reinstatement Review Unit
Traffic Violations Section

MHB: dmf

2701 South Dirksen Parkway
Springfield, Illinois 62723

(d) Any person convicted of a second violation of this Section shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court, if the revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.

(d-1) Except as provided in subsection (d-2) and subsection (d-3), any person convicted of a third or subsequent violation of this Section shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court.

(d-2) Any person convicted of a third violation of this Section is guilty of a Class 4 felony and must serve a minimum term of imprisonment of 30 days if the revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.

(d-3) Any person convicted of a fourth, fifth, sixth, seventh, eighth, or ninth violation of this Section is guilty of a Class 4 felony and must serve a minimum term of imprisonment of 180 days if the revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code.



**JESSE WHITE**
SECRETARY OF STATE
SPRINGFIELD, IL 62723
DSD A-206

POSTMASTER
PLEASE FORWARD



FIRST CLASS

```
                                               J525-456 -6288-0  AB330
COURT PURPOSES                                 01 11 08           DDL: N
```

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE.

```
                                               J525-4566-6288-0  PAGE
                                                                 1 OF 4
JAMES R JOHNSON              | CONT LIC DATE | ISSUE DATE | BIRTH DATE |
1512 S 5TH ST                |   06 22 91    |  06 22 91  |  10 09 66  |
ROCKFORD 61104               |
SEX HEIGHT WEIGHT HAIR  EYES | D.C. CC | CLASS ENDORS | RESTRICTION | EXPIRATION DATE
 M   5 10   148   BRN   HZL  |         |   N    1  D  |    NONE     |    10 09 95
```

(Handwritten left margin: HABEAS CORPUS Exhibit - II. - 5 pages)

| TYPE OF ACTION | DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP IN EFFECT |
|---|---|---|---|---|---|---|
| 97 | 04 29 87 | 09 11 87 | 1 0601 03 | 5508473 | WINNEBAG | |
|    | SPEEDING 11-14 MPH ABOVE LIMIT | | | | | |
| 94 | 08 07 89 | 08 08 89 | 6 101 00 | 79527 | WINNEBAG | |
|    | DRIVING WITHOUT VALID LICENSE OR PERMIT | | | | | |
| 03 |          | 08 30 89 | 6 206A19 |        | 10 30 89 | NO |
|    | HAS VIOLATED SEC 6-101 DRIVING WITHOUT VALID LIC | | | | | |
| 96 | 08 07 89 | 08 08 89 | 1 2211 01 | 79530 | WINNEBAG | |
|    | HEADLIGHT VIOLATION | | | | | |
| 29 |          | 09 10 92 |          |        | 03 16 98 | |
|    | CLEARANCE FTA SUSP | | | | | |
| 17 |          | 10 04 92 | 1 0501 01 |        | 04 04 93 | YES |
|    | STATUTORY SUMMARY SUSPENSION | | | | | |
| 94 | 08 19 92 | 10 27 92 | 1 0501 A2 | 3665 | WINNEBAG | |
|    | DUI/ALCOHOL | | | | | |
| 01 |          | 11 18 92 | 6 205 A2 |       |          | YES |
|    | DUI ALCOHOL, OTHER DRUG. OR COMBINATION THEREOF | | | | | |
| 47 |          | 11 18 92 | FINANCIAL RESPONSIBILITY REQUIRED | | | |
|    | REVOCATION | | | | | |
| 94 | 11 25 92 | 02 18 93 | 6 303 A2 | 7905718 | WINNEBAG | |
|    | DRIVING DURING A REVOCATION/SUSPENSION | | | | | |
| 34 |          | 03 10 93 |          |        |          | YES |
| 17 |          | *06 18 97 | 1 0501 01 |       | 06 18 99 | YES |
|    | STATUTORY SUMMARY SUSPENSION | | | | | |
| 17 |          | 10 05 97 | 1 0501 01 |       | 10 05 98 | YES |
|    | STATUTORY SUMMARY SUSPENSION | | | | | |

This is to certify, that to the best of my knowledge and belief, after a careful search of my records, that the information set out herein is a true and accurate copy of the captioned individual's driving record, identified by driver's license number, and I certify that all statutory notices required as a result of any driver control actions taken have been properly given.

*Jesse White*
Secretary of State

(SEE REVERSE FOR EXPLANATION OF CODES AND COLUMN HEADINGS)

CC-75

STATE OF ILLINOIS
CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
WINNEBAGO COUNTY

FILE STAMP

James Russell Johnson )
          Petitioner    )
                        )
         – VS –         )
Richard Meyers          )
          Respondent    )    Case No. 2007 MR 744

# ORDER

This cause coming before the court on Petitioner's Motion for Summary Judgment, the Petitioner present from custody pro se, the Respondent by Assistant State's Attorney Gregory M. Minger, the court fully advised after hearing, IT IS HEREBY ORDERED:

1) The Motion for Summary Judgment is denied;

2) There being no contested issues of fact, the petition for habeas corpus relief is dismissed on the court's motion.

Dated: 6/3/08

_____
JUDGE

United States District Courthouse
For the Northern District, Western Division
Office of the Clerk
211 South Court Street
Rockford, Illinois 61101