**CERTIFIED COPY**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 16, 2008
Decided August 4, 2008



Before

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

**FILED**

AUG 27 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Nos. 08-1265 & 08-2816 | |
| JAMES R. JOHNSON,<br>*Petitioner-Appellant,*<br><br>v.<br><br>RICHARD A. MEYERS,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 08 C 50002<br><br>Frederick J. Kapala,<br>*Judge.* |

### ORDER

James Johnson is a pretrial detainee in the custody of the Winnebago County Jail. Johnson filed papers in the district court claiming that, as of December 29, 2007, he had spent approximately 700 days in pretrial custody which, according to him, is longer than he can be legally imprisoned for his offense.[1] He also refers to a $200,000 bond that he can't afford.

---

[1] According to papers Johnson filed in this court on July 11, 2008, he remains in custody awaiting trial.

Nos. 08-1265 & 08-2816                                                                                          Page 2

The district court construed the papers as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissed the petition for failure to exhaust. That resolution was incorrect. Section 2254 governs custody imposed by a court, in other words, a conviction; pretrial detainees attacking custody seek relief under § 2241. Moreover, it is not clear that Johnson has pretrial remedies to exhaust.

We express no opinion on the merits of Johnson's claims, which are somewhat confused. It may be that, given the opportunity to clarify, Johnson does have an extraordinary circumstance that warrants relief under § 2241. *Neville v. Cavanagh*, 611 F.2d 673 (7th Cir. 1979). Additionally, parts of the petition suggest that what Johnson really wants is to force the State to try him immediately. *See Braden v. 30th Jud'l Cir. Ct. of Ky*, 410 U.S. 484 (1973). In any event, Johnson is entitled to have his claims addressed under the correct legal standards.

Accordingly, we **VACATE** the district court judgment and **REMAND** the case for further proceedings. All of Johnson's pending motions are **DENIED**.