IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

*People ex rel.* )
JAMES RUSSELL JOHNSON, )
        Petitioner, )
)
- Vs. - )   Case No.: 08 C 50002 .
)
)
RICHARD A. MEYERS, )
        Respondent, )
)

F I L E D
AUG 2 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SUPPLEMENTAL and A M E N D E D
28 U.S.C. §§ 144 and 455
AFFIDAVIT  FOR  A
SUBSTITUTION OF JUDGE

---

     Pursuant to *28 U.S.C. § 144 and § 455*, et seq., the petitioner presents a supplemental and amended affidavit for a substitution of judge as per actual bias and prejudice.  The petitioner, being duly sworn upon oath, does question the impartiality of Judge Kapala, and asserts whereas [his] presiding over this case does and would create an appearance of bias.  In support thereof, the petitioner represents:

     1.  The petitioner presented the initial pleading for a substitution of judge upon August 21, 2008, and such pleading is incorporated and annexed hereto and herein by reference.  The pleading asserts whereas that Judge Frederick J. Kapala is willfully, wantonly and intentionally misrepresenting, misconstruing and misapplying provisions of the United States Code, Rules of Procedure, and case law, specifically to cause undue delay, et al.  This Court can now directly observe and note Judge Frederick J. Kapala's bias and prejudice, *and undue delay tactic's, as alleged,* which can now additionally become clearly apparent in that the appointment of counsel order, Document 33, filed 08/22/08, had been perfected by Judge Kapala without jurisdiction or authority in which to do.    (*Refer to paragraph #2 herein, and 28 U.S.C.§ 144;*)

1.

2. As per the language of *28 U.S.C.§ 144*, the United States Code maintains:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, *such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*"

3. The United States Supreme Court held within <u>CASTRO v. U.S.</u>, 540 U.S. 375, 386 (2003), that: "*Pro se* litigant's complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972) *(per curiam)*. "Liberal construction" of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure,..."

4. A motion to disqualify under *§* 144 requires a *showing of actual bias.* Under § 144, "[t]he court must assume the truth of the factual assertions." Therefore, *the ruling judge* has little discretion whether to grant the motion; if the affidavit supports a claim of bias the motion must be granted. *Harrison v. McBride*, 428 F.3d 652 (7th Cir. 2005); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985) (emphasis in original)) *Tezak*, 256 F.3d at 717 (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)).

5. Pursuant to *28 U.S.C. § 455(a)*, a judge must recuse "himself in any proceeding in which his impartiality might reasonably be questioned." In other words, if "his presiding over a case would create an appearance of bias," the judge must recuse himself. *Tezak v. United States*, 256 F.3d 702, 717 (7th Cir. 2001) *(citing United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989)).

6. Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). As the Seventh Circuit has explained, an objective standard creates problems in implementation. So although the court tries to make an external reference to the reasonable person, it is essential to hold in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be. *In re Hatcher*, 150 F.3d 631, 638 (7th Cir. 1998).

7. The judge must recuse himself if he is "to the judge's knowledge likely to be a material witness in the proceeding." *28 U.S.C. § 455(b)(5)(iv)*. Petitioner states that he intends to call Judge Frederick J. Kapala as a witness at any evidentiary hearing on the instant federal habeas petition because the judge has "knowledge of material information that would support this petitioner's actual innocence.

8. The petitioner was arrested upon June 15, 2006, with a State of Illinois, Winnebago County 17th Judicial Circuit Court Case number 2006TR030246, being the commencement of prosecution;

> a.) Case number 2006TR030246 was dismissed upon April 20, 2007, and the State did not appeal said dismissal;
>
> b.) A number of 327 days after the commencement of 2006TR030246, after the aforementioned dismissal and based upon those same fact's; [t]he State of Illinois, Winnebago County 17th Judicial Circuit Court personnel, illegally charged the petitioner by information and then indictment. Defective and void Indictment 2007CF1671. This was perfected in a manner which was barred by the Illinois Supreme Court and the Second District Appellate Court specifically against Winnebago County; *People V. Phipps* 2-06-0423 (Ill.App. 5-29-2008), citing *People V. Quigley* (1998)183 Ill.2d 1, 697 N.E.2d 735;
>
> c.) Within 1998, Judge Frederick J. Kapala had been the State of Illinois, Winnebago County17th Judicial Circuit Court Judge whom had been then overruled by the Illinois Supreme Court as per the remanded for dismissal case *People V. Quigley* (1998)183 Ill.2d 1,697 N.E.2d 735;
>
> d.) Judge Rosemary Collins and Assistant States Attorney Steven J. Biagi, each, were directly involved with the dismissal of the *Quigley* case upon the date of April 20, 2005. Later dismissed upon April 27, 2005;
>
> e.) Judge Rosemary Collins and Steven J. Biagi, are the State parties now directly involved with those aforementioned defective indictment charges against this petitioner as per non-existant Illinois Criminal Statutory offenses;
>
> f.) Judge Rosemary Collins, Assistant States Attorney, Steven J. Biagi, and United States District Court Judge, Frederick J. Kapala, have a long term and longstanding professional, legal, and collegial type of relationship;
>
> h.) Judge Frederick J. Kapala had been presented a Rule 60(b) motion to reconsider as per the aforementioned facts, evidence, material and other related documents, regarding this petitioner's actual innocence in relation to both finding's within *Quigley* and *Phipps*; Judge Kapala duly avoided the pleading, and yet ignores such upon remand. Bias and prejudice in favor of Winnebago County is apparrent, inferred and manifested;

9. Recusal is also required if the judge has a "personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding.*" Judge Frederick J. Kapala does have direct and personal knowledge of evidentiry facts establishing this petitioner's actual innocence. *28 U.S.C. § 455*(b)(1). *Thomas V. Johnson* (N.D.Ill. 10-26-2007).

10. The United States 7th Circuit Appellate Court remanded this cause back for further proceedings upon August 04, 2008. To the date of this pleading, the only action taken by Judge Kapala has been for the denial and dismissal of moot appellate Court material pending as per the aforementioned Rule 60(b) motion as appealed. Manifesting the appearance of bias and prejudice against this petitioner, in favor of Winnebago County personnel, by the untoward delay yet being perfected by Judge Frederick J. Kapala. In lieu of this action;

11. The petitioner cannot receive any fair, prompt, nor impartial hearings, proceedings, or reviews as per this cause due to actual and apparent bias and prejudice against the petitioner and in favor of the Respondent by Judge Frederick J. Kapala; "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.,* at 48. Missteps by *pro se* Title VII plaintiffs, it would seem, are not so easily ignored. **"Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice."** We frequently have stated that *pro se* pleadings are to be given a liberal construction. *E. g., Haines* v. *Kerner,* 404 U.S. 519 (1972). If these pronouncements have any meaning, they must protect the *pro se* litigant... *BALDWIN COUNTY WELCOME CENTER v. BROWN,* 466 U.S. 147, 164 (1984)

*WHEREFORE* the petitioner, James Russell Johnson, prays for a substitution of judge, as a right, as per *28 U.S.C. §144* and *28 U.S.C. §455* and for Judge Frederick J. Kapala to recuse himself forthwith, as per the appearance of impropriety and for actual bias and prejudice.

*PETITIONER* prays for this Court to consider sanctions pursuant to Federal Rule 11(b)(c);

*PETITIONER* prays for any just and equitable relief this Honorable Court further deems to be fair and appropriate;

Respectfully Submitted;

Date: *August 26, 2008*                     By: *James Russell Johnson*
                                                 Mr. James Russell Johnson, petitioner

No. 82750 People v. Quigley (1998) 183 Ill. 2d 1, 697 N.E. 2d 735.

Appellate citation: No. 2--95--1643 (unpublished order under Supreme Court Rule 23).

Opinion by NICKELS, J.

In 1994, a multicar collision on Route 251 at the Village of Machesney Park resulted in a personal injury. One of the drivers involved, the defendant here, failed a field sobriety test and was determined in a breathalyzer test to have a blood-alcohol level of 0.14. He was charged separately with misdemeanor DUI and also with the felony of aggravated DUI, the latter charge being based on the aggravating factor of the personal injury. However, the misdemeanor charge was later dismissed, under the speedy-trial statute, for failure to bring the defendant to trial during the required statutory period.

In this decision, the supreme court held that the compulsory joinder statute required that these two charges be prosecuted together because they were based on the same incident. Therefore, once the misdemeanor was dismissed, further prosecution of the felony charge was also barred under the speedy-trial statute. The circuit court of Winnebago County had erred in denying a motion to dismiss it.

TRAFFIC                         Date:  5/15/2008
                                Time: 10/10/18
                                Page:     1
2006 TR 030246   Judge:       From  0/00/0000 To 99/99/999
                                User: MALONEJ
     Case Names_____    Attorney Names_____   Wsid: CCMPC43G1
          VS                                     All Entries For
     JOHNSON JAMES R

__Date__

6/16/2006 Complaint 02 Count 002 DRIVING ON REVOKED LICENSE Jun 15,2006
          Defendant JOHNSON JAMES R
          Statute 625 5/6-303(a)  Class A  Orig.
          Agency: CHERRY VALLEY  Ticket#: 24756

6/16/2006 Bond Type Bond On Companion Case Defendant JOHNSON JAMES R
          ARRAIGNMENT Jul 12,2006 01:30PM Rm217

7/12/2006 BENCH WARRANT TO ISSUE Bond $3000.00
          People of the State of Illinois present by CITY
          ATTORNEY.  Defendant fails to appear.  Bench
          Warrant to issue.  Bond Set at 3,000.00 less 10
          percent.  Bench Warrant was issued as ordered on
          06tr30245. Concurrent.
          Document WAR Not Printed

4/09/2007 WARRANT RETURNED SERVED
          BENCH WARRANT RETURNED Apr 20,2007 02:00PM Rm217  Judge HENNESSY

4/20/2007 DISMISSAL PRO SE
          People of the State of Illinois present by Assistant State's
          Attorney, CITY ATTORNEY. Defendant appears Pro Se. On the motion
          of the state, case is dismissed. BOND TO BE REFUNDED TO DEFT AT
          NEW ADDRESS     1604 16TH ST. RKFD, 61104.   ORDER FILED IN
          06TR30245.
          Judge:YOUNG JOHN H   Clerk:CMC    M

4/20/2007 Disposition 02/00  Count 002  No Fine & Cost Signed  Judge YOUNG JOHN H
          Defendant JOHNSON JAMES R  Asst States Attorney CITY ATTORNEY
          Disposition: Dismiss/State Motion DRIVING ON REVOKED LICENSE
          Disposition Type: Court Action   Defendant Plea: No Plea Entered
          Statute 625 5/6-303(a)  Class A  Orig.
          Sentence: 04/20/2007
          No Fine & Cost              .00
          Status:CLOSED  Report:Closed  Apr 20,2007
          Judge:YOUNG JOHN H

9)

CC-75

# STATE OF ILLINOIS
## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

The City of Cherry Valley )
)
-vs- )
)
James R. Johnson )
)

**FILED**
Date: 4-20-07
Thomas A. Klein
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, IL

Case No. 06TR30245

## ORDER

The charges are dismissed on motion of state's attorney.

All cases 06TR 030245, 030246, 030247 + 030248 ARR hereby dismissed

Dated: 4-20-07

_____
JUDGE

SJB

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### COUNTY OF WINNEBAGO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS<br>Plaintiff,<br><br>v.<br><br>JAMES R. JOHNSON (D.O.B. 10-9-66),<br>Defendant. | )<br>)<br>)<br>)   No.   07 CF 1671<br>)<br>)<br>) |

**COPY**

## BILL OF INDICTMENT

The Grand Jury charges:

That on or about 15 June 2006, in the County of Winnebago and State of Illinois, JAMES R. JOHNSON committed the offense commonly called **AGGRAVATED DRIVING AFTER REVOCATION**, in that he drove or was in actual physical control of a motor vehicle upon a highway in this state at a time when his driving privileges were revoked, in violation of 625 ILCS 5/6-303, the revocation being for a prior conviction for the offense commonly called Driving While Under the Influence of Alcohol, and his having previously been convicted of the offense commonly called Driving after Suspension or Revocation in Winnebago County Illinois on 18 February 1993, 30 January 1998, 2 February 1998, 26 June 1998 and 1 July 1999, and in DeKalb County, Illinois on 17 May 2005 and also on 17 May 2005 for a separate offense, in violation of 625 ILCS 5/6-303(d-3).  (Class 4 Felony - Minimum term of imprisonment of 180 days - Extended Term eligible - Mandatory consecutive sentence to 03 CF 2192)

**FILED**
Date: 5/2/07
Thomas A. Klein
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

A TRUE BILL
George W. Gibson
Foreperson

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| *People ex rel.* <br> JAMES RUSSELL JOHNSON, <br>     Petitioner, <br> <br> - Vs. - <br> <br> <br> RICHARD A. MEYERS, <br>     Respondent, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: **08 C 50002** . <br> ) <br> ) <br> ) <br> ) <br> ) |

---

### PETITIONER'S PRO-SE CERTIFICATE OF GOOD FAITH

---

The petitioner, James Russell Johnson, pursuant to federal rule 11(a), in that every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — *or by a party personally if the party is unrepresented.*

The petitioner additionally represents pursuant to Rule 11(b) whereas [he] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims and other legal contentions are warranted by existing law and by a nonfrivolous argument for extending, *modifying, or reversing existing law or for establishing new law;*

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or information;.

The United States Supreme Court has repeatedly held that *Pro se* litigant's complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972) *(per curiam)*. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.*, at 48. Missteps by *pro se* Title VII plaintiffs, it would seem, are not so easily ignored. *"Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice."* We frequently have stated that *pro se* pleadings are to be given a liberal construction. *E. g., Haines* v. *Kerner*, 404 U.S. 519 (1972). If these pronouncements have any meaning, they must protect the *pro se* litigant... See: *CASTRO v. U.S.*, 540 U.S. 375, 386 (2003); *BALDWIN COUNTY WELCOME CENTER v. BROWN*, 466 U.S. 147, 164 (1984).

The petitioner, James Russell Johnson, being duly sworn depose and states whereas this amended and supplemental affidavit for substitution of judge is not interposed for any improper purpose. This pleading is presented in good faith and it is well founded and supported by the premise represented therein.

Date: August 26, 2008                    By: *James Russell Johnson*
                                              Mr. James Russell Johnson, petitioner

7.

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| *People ex rel.* <br> JAMES RUSSELL JOHNSON, <br>     Petitioner, <br><br> - Vs.- <br><br><br> RICHARD A. MEYERS, <br>     Respondent, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No.: 2008 C 50002 . |

ORDER
_____

  This matter coming on to be heard as per a substitution of judge as presented by the petitioner, *People ex rel.* James Russell Johnson. After being duly advised, pursuant to *28 U.S.C. §144* this cause is heretofore GRANTED/DENIED and transferred to the following Court:

_____

_____

_____

DATED:_____       ENTER:_____
                                 JUDGE

8.

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

*People ex rel.*  )
JAMES RUSSELL JOHNSON,  )
     Petitioner,  )
       )
- Vs.-  ) Case No.: 2008 C 50002 .
       )
       )
RICHARD A. MEYERS,  )
     Respondent,  )

### NOTICE OF FILING, PROOF OF SERVICE

  The undersigned, being duly sworn on oath, deposes and states whereas upon August 26, 2008, the original pleading for substitution of judge had been filed with the United States District Court Clerk at 211 South Court Street, Rockford, Illinois, 61101. One copy was additionally served upon each of the parties listed below, by placing such within the United States Postal Service of the Winnebago County Justice Center at 650 West State Street, Rockford, Illinois, 61102, in envelopes properly addressed as indicated below, with proper postage affixed to the same. As amended and Supplemental.

TO:
 Winnebago County States Attorney
 ASA Gregory Minger
 400 West State Street; 8th Floor
 Rockford, Illinois. 61101.

TO:
 Illinois Attorney Generals Office
 AAG Jay Paul Hoffmann
 100 W. Randolph Street; 12th Floor
 Chicago, Illinois. 60601-3218.

Date: August 26, 2008

By: *James Russell Johnson*
Mr. James Russell Johnson, #1716, petitioner

5.

